IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALLEN LEE DEAL, #219889, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CV-358-WHA |
| | ) | |
| K-9 UNIT CAPTAIN, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Allen Lee Deal ("Deal"), an indigent state inmate, filed this 42 U.S.C. § 1983 action on May 18, 2016 challenging actions that occurred on April 20, 2016. After reviewing the complaint and finding a deficiency with the pleading as it related to the identity of the named defendant, the court determined that Deal should be provided an opportunity to file an amendment to the complaint to correct such deficiency. *Doc. No. 4* at 2. To aid Deal in filing his response, the court ordered General Counsel for the Alabama Department of Corrections to "provide the plaintiff with any documents relevant to the April 30, 2016 incident of force made the basis of the instant complaint or provide him the name of the K-9 Captain involved in the incident[.]" *Id*. at 1. Neither General Counsel nor Deal responded to this order within the time set by the court.

Based on the foregoing, the court entered an order directing General Counsel to show cause why she failed to file a response to the previous order and to file a response to such order. *Doc. No. 5* at 1. This order also again directed Deal to file an amendment to his complaint with respect to the identity of the named defendant and permitted Deal until

February 24, 2017 to file the requisite amendment. *Id*. The court, however, had recently determined that Deal was not at the last address he provided for service.[1] Although under no obligation to do so, the court located Deal on the inmate database maintained by the Alabama Department of Corrections and sent him copies of both orders directing him to file an amendment to his complaint. Consequently, the court ordered that Deal "[i]nform the court of his current address" and cautioned him "that his future failure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action." *Id*.

As of the present date, Deal has failed to file an amendment to his complaint as required by the orders of this court. Additionally, Deal has failed to provide the court with his current address despite this court's express directive to do so and its admonishment that the failure to provide a correct address would result in the dismissal of this case. It appears that Deal has simply lost interest in the prosecution of the instant civil action. The court therefore finds that any additional effort to have Deal comply with the orders entered herein would be unavailing and a waste of scarce judicial resources. Based on the foregoing, the court concludes that this case should be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that as a general rule where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

---

[1] The last address provided by the plaintiff is Kilby Correctional Facility.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to provide the court with his current address and his failure to file an amendment to the complaint in compliance with the orders entered by this court.

The plaintiff may file objections to the Recommendation on or before March 27, 2017. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which his objection is made. The plaintiff is advised that frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 13th day of March, 2017.

                           /s/   Wallace Capel, Jr.
                         CHIEF UNITED STATES MAGISTRATE JUDGE